**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
**FILED**

JUL 3 1 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| Espinosa, Roberto G. | ) |
| **PLAINTIFF (PRO-SE)** | ) |
| | ) |
| **V.** | ) **CIVIL ACTION NO. _____** |
| | ) |
| Metropolitan Transit Authority of Harris | ) |
| County, Texas **(Metro)** | ) |
| **DEFENDANT(S).** | ) **Jury Trial Demanded -** Yes on all issues so |
| | triable in this complaint. |

**CIVIL RIGHTS EMPLOYMENT DISCRIMINATION COMPLAINT FOR:**

Constitutional Violations; American with Disabilities Act (ADA) Violations; Employment Discrimination; (ADA) Public Services Discrimination; Rehabilitation Act Violations; ERISA Disability Retirement Benefits Denial; and Equitable Tolling of Statue of Limitations.

---

## I. JURISDICTION

1. Defendant Metropolitan Transit Authority of Harris County ("Metro") is a local public entity that receives federal financial assistance under 49 U.S.C. §§ 5310, 5307, 5303, and 5339. This Court has jurisdiction under 28 U.S.C. § 1331. Metro is subject to suit under 42 U.S.C. § 1983 for civil rights violations pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978). Furthermore, under 42 U.S.C. § 2000d-7 and as established in Lane v. Pena, 518 U.S. 187 (1996), and Pederson v. Louisiana State University, 213 F.3d 858 (5th Cir. 2000), Metro has waived any Eleventh Amendment immunity to claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, due to its acceptance of federal funds.

## II. VENUE

2.  Venue is proper under 28 U.S.C. § 1391(b) as events occurred in Harris County, Texas.

## III. PARTIES

3.  **Plaintiff's** name is  Roberto Garcia Espinosa, 66-year-old United States Citizen, a Hispanic male who lives in Harris County at 5615 Drakestone Boulevard Houston, Texas 77053. Plaintiff Espinosa is a retired disabled former Metro employee 26964 who suffered a leg injury, and more than eleven physical assaults at work, and three times COVID-19 at work.

4.  **Defendant** Metropolitan Transit Authority of Harris County, Texas **(METRO)** is a federal-funds-receiving entity under 49 U.S.C. §§ 5310, 5307, 5303, 5339, and Section 504 of the Rehabilitation Act 29 U.S.C§794. Metro operates public transit in Harris County.  Metropolitan Transit Authority of Harris County  can be served with this complaint at 1900 Main Street Houston Texas 77002.

5.  At all times relevant to this Complaint, Defendants are sued in their official capacity because the acts and omissions described herein were committed within the scope of their official employment responsibilities and authority with Metropolitan Transit Authority of Harris County. Each Defendant acted in their official capacity and under color of law as an employee, agent, or official of Metropolitan Transit Authority of Harris County (METRO). Including but not limited to roles such as METRO CEO, Metro Police Department police chief, officers, supervisors, Metro Police Department Fare Inspector,

Metro Police Fare Inspectors supervisors, human resources directors, Metro employees, department heads, metro worker's compensation director, supervisor, etc..

6. **Defendant** Metropolitan Transit Authority of Harris County, Texas **(METRO) officers and/or officer's successors : Key Individuals** Thomas Lambert, and/or Thomas Jasien Metro President and CEO. All the above-mentioned defendants can be served with this complaint at 1900 Main Street Houston Texas 77002.

7. **Defendant Metro Police Department officers and/or officer's successors : Key Individuals and/or officer's successors:** Chief Vera Bumpers and/or officer successor Ban Tien, Captain Felix Vara, Lieutenant Naradovy, Lieutenant Viola Douglass, Sergeant Victor Miles, Sergeant Tim McClellan, Sergeant Paul Martinez, Sergeant Yessenia de Leon, Sergeant Victor Arceneaux's, Sergeant Abel Mosley, Sergeant Roger Trevino, Officer Talisha James, Officer Roger Salazar, Officer Robert Smith, Officer Bryan McDonough, Officer Paul Green, Officer Liliana Buchholz,  Officer Andres Brito, Officer Azarat, Officer Noe Gonzalez, Officer George Benavides, Officer Felicia Robles, Officer Arturo Solis, Officer Dell Balderas, Officer Ida Schoener, Employee Jevetta Fontenot. Metro Police Department is in Harris County on the 13th floor. All the above-mentioned defendants can be served with this complaint at 1900 Main Street Houston Texas 77002.

8. **Defendants and/or officer successors: Metro Police Fare Inspectors Supervisors.**

    **Key Individuals:** Isidro Perez, Rudy Delgado, Tenneisha Morrison, Therane

    Thibodeaux, Eduardo Botello. Metro Police Fare Inspectors' supervisors can be served

    with this complaint at 1900 Main Street Houston, Texas 77002.

9. **Defendants and/or officer's successors:** Metro Human Resources Department

    employees. **Key Individuals**: Karent Kuffman (Director), Sharon Blaylock, (Supervisor),

    Kepreta Green (Employee), Latonya Wagner (Employee). Metro Human Resources

    Department employees can be served with this complaint at 1900 Main Street Houston

    Texas 77002.

10. **Defendant and/or officer's successors:** Jackie Hubbard Metro Empower Retirement

    Benefits plan administrator can be served with this complaint at 1900 Main Street

    Houston Texas 77002.

11. **Defendant and/or officer's successors : Metro Workers Compensation Department.**

    **Key Individual: Liza Bryant** Supervisor can be served with this complaint at 1900 Main

    Street Houston Texas 77002.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has exhausted all required administrative remedies, including but not limited to:

    Filing charges with Metro, EEOC, Texas Commission for ADA and employment

    discrimination claims, pursuing internal Metro administrative processes and appeals as

    required by law.

## V. STATEMENTS OF FACTS

13. **March 31, 2014 — Initial Employment**: Plaintiff Roberto Garcia Espinosa was hired as Metro Police Fare Inspector at METRO Head Quarters, 1900 Main Street, Houston, Texas 77002. Plaintiff Espinosa's regular assignments included Metro train checks while in operation, and Platforms such as Fanning South, McGowen, Ensemble, Downtown Transit Center, Dryden Texas Medical Center Southbound and Northbound, Main Street Square, and all other platforms. Plaintiff Espinosa was hired via application, screening, and selection by Metro Human Resources hiring board to fill Inspector vacancies; Mr. Espinosa was fully qualified.

14. **Plaintiff** Espinosa was employed by Metro as Metro Police Fare Inspector beginning on March 31st, 2014, to April 2017 (3years and 2 months service. Plaintiff was promoted and hired as Metro Police Officer and unjustly discriminated and discharged on July 24, 2017 (3.5 Months of service). Plaintiff applied and processed Metro Police unemployment benefits from July 24, 2017, to approximately October 1, 2018. On October 1, 2018, Plaintiff Espinosa was rehired as a Metro Police Fare Inspector approximately till November 09, 2023.

15. Plaintiff Espinosa is now a retired disabled former Metro employee 26964 who suffered a left leg injury in 2019, and more than eleven physical assaults at work, and three times COVID-19 at work and hospitalizations. 2014-2022 Repeated assaults and trauma developed into Plaintiff Espinosa's medically diagnosed PTSD, severe depression, anxiety, upper and lower back problems and aftereffects of COVID-19 complications.

Plaintiff Espinosa submitted medical documentation and requested workplace accommodation for these disabilities.

16. Metro Human Resources Defendants denied accommodation and terminated Plaintiff Espinosa as Metro Police Fare Inspector without an interactive accommodation process approximately on November 09, 2023. Plaintiff Espinosa acquired the above-mentioned sickness while performing regular assigned duties during employment as Metro Police Fare Inspector, and Metro Police Officer beginning on March 30th, 2014. Plaintiff Espinosa continues to be sick at present and without medical coverage for treatment and medical care by METRO despite Plaintiff acquired all the above sicknesses while working.

17. **2014–2015 — Performance Awards & Recognition for Plaintiff** Espinosa. Plaintiff Espinosa observed doing Metro Police Fare Inspector work on the rail by defendant CEO Thomas Lambert. He later recognized Plaintiff with a Metro CEO recommendation letter and with the first Metro Police Fare Inspector Excellent Customer Service Medal of honor. Metro President and CEO Tom Lambert's personal observation and commendation letter served to recognize Plaintiff Espinosa in a morning meeting by Defendant Lieutenant Viola Douglas in front of all Metro Police Officers and Metro Police Fare inspectors. Plaintiff Espinosa's recognition took place at morning meeting roll call room at the 13th floor in Metro main building at 1900 Main Street Houston, Texas 77002.

18. Later, Plaintiff Espinosa was selected to join "2015 Awards Ceremony Committee". Furthermore, Plaintiff was honored with one MPD Unit Citation Award at the 2015 MPD

Awards on the 2015 ceremony. Plaintiff Espinosa received his First Excellent Customer

Service Medal on the 13th floor, at 1900 Main Street Houston Texas 77002. (METRO

Head Quarters). In the morning of 2014 and later in 2015 his MPD unit citation award. .

Plaintiff Espinosa received his internal nomination and award presentation attended by all

officers and Metro Police Fare Inspectors for exceptional service and performance as

Metro Police Fare Inspector.

19. **Early in 2014 — Plaintiff suffered Rejection and Isolation by Peers and Metro**

   **Police Officers: Peers;** Jevetta Fontenot, Isidro Perez; Rudy Delgado; Eduardo Botello

   and Metro Police Officers Felicia Robles, Arturo Solis, and other officers got Jealousy

   and resentment triggering hostility and Plaintiffs exclusion from Metro Police and Fare

   Inspectors groups.  In Metro Police Department  unit meetings, metro buildings and

   public platforms were verbal disputes where Plaintiff was called too old and not

   recommended nor recognized by Metro Police Officers Felicia Robles, Arturo Solis and

   other officers. Metro Police Fare Inspector Peers' refusal to work alongside Plaintiff

   Espinosa excluding him because colleagues perceived Plaintiff Espinosa as

   outperforming others, breaking norms of passive conduct.


20. **Mid-2014 — Rebuke in Fare Inspector Meeting**

   Lieutenant Viola Douglass authorized Metro Police Department Fare Inspectors meeting;

   Jevetta Fontenot (speaker) Publicly yelled at Mr. Espinosa: "You are not our leader" at

   Internal METRO conference room by Verbal confrontation in front of group. Defendant

   Jevetta Fontenot returned to Metro as Metro Police Fare Inspector after twenty years of

service as Metro Police Officer and Defendant Fontenot viewed Espinosa's work ethic as self-elevating.

21. **Mid-2014 — Complaint to Chief Vera Bumpers**

Jevetta Fontenot went to see Chief Vera Bumpers. Defendant Fontenot told Chief she refused to work with Espinosa at Chief Bumpers' office, on the 13th floor at 1900 Main Street. Her complaint was a Face-to-face complaint to Claim intolerance of Espinosa's high-performance standards.

22. **2014–2015 — Threats and Hostility by Defendant Rudy Delgado and Isidro Perez.**

**Defendants:** Rudy Delgado; Isidro Perez, Sgt. Miles; Chief Vera Bumpers:
Defendant Delgado confronted & threatened to fight Espinosa at worksites, lunchroom at 2d floor 1900 Main Street Houston Texas 77002, even public areas outside METRO. Defendant Delgado made Plaintiff Espinosa verbal threats witnessed by Alex Tenorio, Eduardo Botello and Plaintiff reported it to Sargent Victor Miles, Sargent Dennis Ribeiro, and Chief Vera Bumpers. Defendant Delgado considered Espinosa's ethos disruptive and called Plaintiff Espinosa daily an old man.

23. 2014-2015,2016-2023
Isidro Perez had Mr. Espinosa under insubordination threat after Mr. Espinosa appealed a false write up in 2014. Isidro Perez and Sgt Paul Martinez pursued a false write-up against Mr. Espinosa to harass Espinosa for lunch breaks and restroom breaks and metro police neither Isidro Perez nor Sergeant Paul Martinez followed. Mr. Espinosa appeals for the writeup with Defendant Lieutenant Viola Douglass and Captain Darring Lewis in

2014. In Mr. Espinosa's appeal, Roberto came out clear of any charges made against him and the false write-up was dismissed. Nevertheless, Metro Police Chief Vera Bumpers abolish any appeals against Metro Police officers and or Metro Fare inspector supervisors who rarely did their job as Fare Inspectors or Metro Police Officers.

24. **2014–2022 — Physical Assaults While on Duty**
Various aggressors; unresponsive MPD officers:  Plaintiff Espinosa was assaulted at least eleven times in more than eight years of service to Metro. Two of those documented assaults with back re-injuries at Downtown Transit Center in February 2019 located at 1904 1/2 Main Street Houston Texas 77002, and another one in Cavalcade Platform on December 20th, 2022, located at 4750 Fulton Street Houston, Texas 77009 and the other nine physical assaults on various platforms: Fannin South platform, McGowen Southbound, Ensemble Northbound, Cavalcade Northbound, Dryden Texas Medical Center Southbound and Northbound, Downtown Transit Center Northbound while checking fares or enforcing policies alone or accompanied. Plaintiff Espinosa had lack of support, unsafe procedures, and Metro Police Officers refused to respond timely.

25. **2014-2015-2019 — Knife-Wielding Passenger Incident and knife involved incidents at other platforms. Metro Personnel involved: Plaintiff** Espinosa; Metro Train Operator; Sgt. Victor Miles. **Plaintiff** Espinosa assisted disarming a female passenger at 5:30 am who was threatening self and train riders at Main Northbound platform located at Main Street Houston Texas 77002. Plaintiff Espinosa was approached by the rail driver stopping the train and asked Plaintiff Espinosa for help. Train Driver told Plaintiff

Espinosa that he had a lady with a knife in the train. The train driver continued a little bit more and stopped the train at Main Street Northbound Platform and opened the doors. Plaintiff Espinosa checked the scenery cautiously, and entered cautiously watching left and right, When Plaintiff Espinosa checked the right side inside the train, Plaintiff Espinosa saw a median size lady forty to fifty years old with a knife in her left hand pointing it at her neck, while she looked at the other passengers on the back of the train. Plaintiff Espinosa asked her if she was okey and she moved her head side to side saying No. Plaintiff Espinosa moved out of the train to go to the back door away from the lady and get the other passengers out of danger but train driver closed the doors and took off.

26. Plaintiff Espinosa radioed for help to Metro Police Dispatcher and fifteen to twenty minutes later six officers responded at Burnett Platform. Plaintiff Espinosa acted while assigned alone at Main Northbound platform. Metro Police Officers later honored each other, not Plaintiff Espinosa. Other knife incidents happened to Plaintiff Espinosa at Cavalcade, Ensemble Northbound, Dryden Southbound, and Northbound where Plaintiff Espinosa's right four fingers were cut lightly and bled, reported incident to supervisor Therane Thibodeaux and medical care was denied nor incident reported.

27. **2014–2015 — Performance Awards & Recognition for Plaintiff** Espinosa. Defendant CEO Thomas Lambert observed Plaintiff Espinosa doing Metro Police Fare Inspector work on the rail. CEO Thomas Lambert recognized Plaintiff Espinosa later with a Metro CEO recommendation letter and with the First Metro Police Fare Inspector Excellent Customer Service Medal of honor. Metro President and CEO Tom Lambert's personal observation and commendation letter served to recognize Plaintiff Espinosa in a morning

meeting by Lieutenant Viola Douglas in front of all Metro Police Officers and Metro

Police Fare inspectors. Plaintiff Espinosa's recognition took place at morning meeting

roll call room at the 13th floor in Metro main building at 1900 Main Street Houston,

Texas 77002.

28. Later, Plaintiff Espinosa was selected to join "2015 Awards Ceremony Committee".

Furthermore, Plaintiff was honored with one MPD Unit Citation Award at the 2015 MPD

Awards on the 2015 ceremony. Plaintiff Espinosa received The First Metro Police Fare

Inspector Excellent Customer Service Medal on the 13th floor, at 1900 Main Street

Houston Texas 77002. (METRO Head Quarters). In the morning of 2014 and later in

2015 his MPD unit citation award. . Plaintiff Espinosa received his internal nomination

and award presentation attended by all officers and Metro Police Fare Inspectors for

exceptional service and performance as Metro Police Fare Inspector.


29. **Metro Personnel involved: Plaintiff** Espinosa; Defendant Therane Thibodeaux, Roger

Trevino. **In 2019 at** Cavalcade Northbound platform, Plaintiff Espinosa was assigned

alone. At McGowen Northbound, and Southbound, Dryden Texas Medical Center

Northbound Plaintiff was assigned alone. At Dryden TMC Southbound Plaintiff Espinosa

was assigned with Metro Fare Inspector Latronda McKeene, and various other platforms.

On the Dryden TMC Northbound Plaintiff Espinosa was cut on his four right hand

fingers he reported it to Defendant Therane Thibodeaux and no medical attention or

report was Plaintiff Espinosa allowed to do under Isidro's insubordination threats.

30. **April 2017 — Plaintiff promotion to Metro Police Officer application and**
**Recruitment.** Metro Police Officers Recruiters; Talishia James;Roger Salazar. Plaintiff
Espinosa excelled in application and interview but overheard recruiter Tarlisha James
warning "he could get killed". Plaintiff Espinosa overheard it on the 13th floor of 1900
Main Street Metro building at METRO training rooms. Plaintiff Espinosa attended
interview and heard Talisha James discouraged conversation. Defendant Talisha James
face to face stated to Plaintiff " You are not going to be treated different than anybody
else." Defendant Talisha James did not report Plaintiff higher education to Texas
Commission of law Enforcement despite Defendant James requests for all Plaintiffs'
Certificates and Higher Education diplomas. Defendant Tarlisha James reported no
education to Metro and Texas Commission of Law Enforcement. Besides, two Metro
Police Field Training Officers, Metro accident investigators stated in the same metro
training room " We need Muscle" while looking at Metro Police Officer Paul Green only
and disregarding Plaintiff Espinosa.  Prejudice against Plaintiff Espinosa's age, fears for
safety and retaliatory discrimination.

31. **Post-2017 — Shift Retaliation by MPD Officers:**
**Defendants Metro Officers** Metro Officer Azarat; Captain Felix Vara, Lieutenant Viola
Douglass; Sargent Buggs; Metro Officer Azarat told face to face to Plaintiff Metro Police
Officer Roberto Espinosa at lunch time at nearby restaurant on the East side at Griggs
Road Houston 77021 Houston, Texas " You are going to be placed in an overnight shift at
Kashmere Station where you won't even know what day it will be." Plaintiff Espinosa
was imposed on that schedule because Defendant Officer Azarat went to speak about it to

Metro Captain Felix Vara. Officer Azarat disliked Plaintiff Espinosa and did not want him in the group not even working for Metro.

32. Metro Captain Felix Vara and Metro Police Officer Azarat imposed the graveyard shift schedule intentionally on Plaintiff Espinosa because of his re-assignment at Kashmere Metro Station from 10am to 6am where he was left alone with different FTOs to attend all rail and bus operations at night while Metro field Training Officer Robert Smith stay sleeping in patrol car while Plaintiff Espinosa checked buses at night at Kashemere.

33. Defendant Felix Vara administrative reassignment age-based, and metro police group exclusion from safer, higher-visibility rail duties had a purpose. From that time on, Sargent Buggs showed up at bus station near Griggs Road at night to make sure Field training Officer (FTO) Robert Smith and all other FTO's harassed Metro Police Officer Roberto Espinosa at Metro Bus Stations and Main Street. Plaintiff Espinosa and FTO got rid of hundreds of Homeless off the nearby Metro building at 1900 Main Street Houston Texas 77002 while others were doing nothing at the 1900 Main Street 77002 inside Metro building.

34. Defendant Lieutenant Viola Douglass wanted Plaintiff Espinosa to be on rail as Metro Police officer not the buses because Plaintiff Espinosa's three and a half years' experience on the rail. Defendant Captain Felix Vara had higher command and pre-planned to get rid of Plaintiff Espinosa. Plaintiff Espinosa was fired unjustly by Captain Felix Vara on July 24, 2017, discriminating against Plaintiff Espinosa because of his age, and exclusion of teams. Metro discriminated against Plaintiff Espinosa because other younger Metro

Police officers like Corey Washington were admitted with no experience by Metro Police

Department and many others like him.

35. **Approximately on November 01, 2018 — Plaintiff Espinosa Seniority Stripped.**

**Defendants involved:** Lieutenant Thedore Naradovy, Lieutenant Tim McClelland, Isidro

Perez, Rudy Delgado, and Therane Thibodeaux. Upon Plaintiff Espinosa re-hiring by

Metro Human Resources and Lieutenant Ted Naradovy, Plaintiff Espinosa was re-hired

with three and a half years seniority by merit on October 01, 2018. Then, approximately

on December 01, 2018, Plaintiff Espinosa was unjustly stripped off his seniority by Rudy

Delgado, Isidro Perez, Therane Thibodeaux, and Lieutenant Tim McClelland. Espinosa's

seniority dropping from 2nd to 23rd affected Plaintiffs benefits, pay, and promotions.

36. None of the Defendants wanted the Plaintiff to qualify for Supervisory positions nor

promotions at Metro Police located at 1900 Main Houston, Texas 77002. Metro Human

Resources and Metro Payroll were involved in Plaintiffs unjust seniority dropping. The

Defendants accomplished their goal by Manual override in records resulting in Plaintiff

Espinosa retaliation for whistleblowing of stealing metro work time by Isidro Perez,

Rudy Delgado and for making reports and exercising Plaintiffs speech and Federal

Rights.

37. **In 2018 — Fare Inspection, Aggression, and Officer Negligence**

Plaintiff Espinosa was partnered with Fare inspector Latronda McKenney, going on the

Southbound train from Texas Medical Center to Fannin South. Two Metro Police

Department  officers stationed at Platform Fanning South Parking Lot at 1604 West

Belfort Houston, Texas 77002, ignored radio calls to Metro Police Dispatcher from both

Fare Inspectors for assistance against a vocally and offensive violent fare violator going

in the train from Texas Medical Center to Fannin South. This Fannin South incident

radioed report is considered retaliation against Plaintiff Espinosa  because Metro Police

Officer admonished Plaintiff Espinosa as a Metro Police Fare Inspector for doing his job.

The Metro Police Officer allowed the violent fare violator to ride the train for free.


38. Plaintiff Espinosa as Metro Police Fare inspector attempted to manage armed suspects

alone at Ensemble Station at 3500 ½ Main Street Houston Texas 77002. Metro Police

never showed up. Plaintiff Espinosa reported that to Metro Fare Inspectors Supervisors

Tenneishia Morrison and Therane Thibodeaux but it made no difference.


39.  Plaintiff Espinosa also managed an armed man with a knife while conducting Fare

checks on the train before arriving at Cavalcade Platform located at 4750 Fulton 77009.

Metro Police.Fare Inspectors Supervisors forbidden Plaintiff by ordering Plaintiff

Espinosa not to report through radio. Plaintiff Espinosa was admonished in Supervisors

offices and through phone calls for radioing life threatening situations like the one at

Ensemble platform, Dryden Texas Medical Center Southbound and Northbound and

Cavalcade platforms, Metro Police Officers did not show up or arrived approximately one

to two hours late. There was a routine disobedience by officers, retaliation and disregard.


**40. 2017- 2019 — Denial of Workers' Compensation**

**Defendants involved:**  Isidro Perez; Therane Thibodeaux, Tim McClelland, Liza Bryant.
**Isidro Perez** ordered Plaintiff Espinosa that he must use up FMLA and all personal time, sick time, vacations, employee time, before anything else at Metro building fourth floor 1900 Main Street Houston, Texas 77002, and at 5625 Griggs Road Houston, Texas 77021, and 801 N. San Jacinto Metro Police Department Office. Isidro Perez, Therane Thibodeaux, Rudy Delgado, Roger Trevino and Tim McClelland did that through face-to-face direct orders to Plaintiff Espinosa, and during Fare Inspectors meetings. Isidro Perez did not even want Plaintiff Espinosa to speak during meetings while other workers were speaking freely. Plaintiff Espinosa reported that to Tenneishia Morrison direct Supervisor and nothing was done. These are Plaintiff Espinosa's deliberate federal rights obstruction and procedural obstruction, exclusion from teams, groups, and benefits available for other employees.

41. **December 20, 2022 — Final Assault and Denial of Report.**
**Defendants:** Sargent Roger Trevino; Officer Andres Brito; Metro Police Fare Inspectors Supervisors Therane Thibodeaux; Isidro Perez; Liza Bryant Metro Workers Compensation Administrator.  **Plaintiff** Espinosa's physical assault at Cavalcade Metro platform located at 4750 Fulton Houston Texas 77009. Officer Brito refused full incident report, denied medical access given blank incident card, and affirmed those METRO reports are no longer processed. Therane Thibodeaux and Sargent Roger Trevino, denied medical access, refused incident report at Houston METRO station location; 801 N. San Jacinto Houston Texas 77002. All of these and above are done to obstruct injury documentation and workers' compensation timeline.

42. **Year 2023 — Exposure of Administrative Sabotage**

METRO Human Resources: Metro Police Department Supervisors delay tactics used to avoid claiming eligibility (e.g., FMLA 12-week clock). METRO Human Resources offices offered  partial leave instructions but denied routes to filing workers' compensation timely due to limit liability exposure, retaliate due to Plaintiffs' age and severe disability (PTSD, severe Depression, severe anxiety, suicidal ideation).

43. **Systemic Failures and Legal Violations Identified**

Defendants: METRO as employer; Officers and supervisors named above have done multiple violations under federal and state laws across METRO jurisdiction in Houston, Texas. Metro does that through retaliation, discrimination, denial of accommodation, and procedural abuse, systemic discrimination (age/disability), retaliation for whistleblowing, and cost avoidance.

44. **Summary of Legal Violations (Contextual Binding)**

These events support actionable claims under:

**42.U.S.C. §1983** – Constitutional violations, including Equal Protection and Due Process

**42 U.S.C. Americans with Disabilities Act (ADA)** – Disability discrimination/failure to accommodate.

**Rehabilitation Act §504** – Waiver of immunity due to acceptance of federal funds.

**Family and Medical Leave Act (FMLA)** – Interference and retaliation for medical leave.

**Texas Whistleblower Act** – Reprisal for reporting threats and criminal conduct.

**Texas Labor Code §451.001** – Workers' compensation retaliation.

**Texas Commission on Human Rights Act (TCHRA)** – Age & disability-based discrimination.

45. This structure prepares the case for review under **Federal Rules of Civil Procedure Rule 10(b)** and **Southern District of Texas Local Rules**, allowing lawyers and federal judges to track each act, individual, and statute violated.

46. **Defendant and/or officer successor: Metro Police Chief Vera Bumpers**

From 2014 to July 2023, at 1900 Main Street, Houston, Texas, Vera Bumpers allowed and tolerated repeated harassment, discrimination, and retaliation against Plaintiff Roberto Garcia Espinosa by failing to intervene after Plaintiff reported workplace harassment and discrimination.

47. In July 2017, Vera Bumpers participated in the unjust termination of Plaintiff's employment as a Metro Police Officer. From March 2014 to 2023, Vera Bumpers failed to act on Plaintiff's complaints of retaliation and discrimination, resulting in Plaintiff's termination as a Metro Police Fare Inspector in November 2023. Constitutional Violations, 42 U.S.C. § 1983, 42 U.S.C. § 12112, 42 U.S.C. § 12132, 29 U.S.C. § 794.

48. **Defendant and/or officer successor: : Metro Police Captain Felix Vara**

From 2014 to 2017, at 1900 Main Street, Houston, Texas, Felix Vara assigned Plaintiff to

graveyard shifts and supported Plaintiff's removal from positions and committees.

In July 2017, Felix Vara recommended and participated in Plaintiff's unjust termination

as a Metro Police Officer. **Linked Causes of Action:** Constitutional Violations 42 U.S.C.

§ 1983, 42 U.S.C. § 12112, 42 U.S.C. § 12132, 29 U.S.C. § 794.


49. **Defendant and/or Officer successor: : Lieutenant Theodore Naradovy.**

In October 2018, at 1900 Main Street, Houston, Texas, Lieutenant Naradovy summoned

Plaintiff, showed him video evidence, and accused Plaintiff of misconduct without basis,

contributing to a hostile work environment. **Linked Causes of Action:** Constitutional

Violations 42 U.S.C. § 1983.


50. **Defendant and/or officer successor: Lieutenant Viola Douglass.** From 2014 to 2017, at

1900 Main Street, Houston, Texas, Viola Douglass failed to intervene when Plaintiff was

harassed and excluded, despite being initially supportive. **Linked Causes of Action:**

Constitutional Violations 42 U.S.C. § 1983.


51. **Defendant and/or officer successor: Sergeant Abel Mosley.**

In December 2019, at 5625 Griggs Rd, Houston, Texas, Sergeant Abel Mosley intervened

in a false insubordination accusation brought out by the then Metro Police Fare Inspector

Supervisor Tenneishia Morrison against Plaintiff Espinosa. Sergeant Abel Mosley

clarified the false insubordination charge and Plaintiff Espinosa was acquitted of the

supposed insubordination charge. On December 28, 2020, after Plaintiff was medically released to return to work, Defendants Mosley and Isidro Perez ordered Plaintiff to go home, resulting in Plaintiff's loss of 80 vacation hours, two employee days, 40 sick hours, and sick leave. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983, 42 U.S.C. § 12112, 29 U.S.C. § 794.

52. **Defendant and/or officer successor : Officer Andres Brito.** On December 20, 2022, at Cavalcade Metro platform in Houston, Texas, Officer Andres Brito refused to take an assault report from Plaintiff and provided an incomplete incident card without location, date, and stating that Metro no longer files physical assault reports for plaintiff. Constitutional Violations:  42 U.S.C. § 1983, 42 U.S.C. § 12112, 29 U.S.C. § 794.

53. **Defendant and/or officer successor:  Officer Azarat, Isidro Perez, Sergeant Buggs.** From 2017 to 2023, at 1900 Main Street, Houston, Texas, Officer Azarat verbally harassed Plaintiff, called him "that old man," and advocated for Plaintiff to be assigned to undesirable shifts with Defendant Felix Vara. Metro Police Officer Azarat, Isidro Perez, and Sergeant Buggs continue their harassment against Plaintiff Espinosa at Downtown Transit Center, Convection District Rusk Station East Bound, and Griggs Metro bus Station. Constitutional Violations 42 U.S.C. § 1983, 42 U.S.C. § 12112

54. **Defendant and/or officer successor: Officer George Benavides.** In October 2019, at Downtown Transit Center Southbound Platform located at 1900 Main Street Houston, Texas 77002, Officer George Benavides accused Plaintiff with Sergeant Victor Arceneaux's of lying about a physical assault and wanted Plaintiff Espinosa to be

arrested. Metro Police Officer George Benavides failed to support Plaintiff's report, contributing to denial of workers' compensation and medical care. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983.

55. **Defendant and/or officer successor: Officer Felicia Robles.** From 2014 to 2023, at 1900 Main Street, Houston, Texas, Officer Felicia Robles made derogatory comments about Plaintiff's age and excluded him from committees and meetings. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983, 42 U.S.C. § 12112.

56. **Defendant and/or officer successor: Officer Arturo Solis.** From 2014 to 2017, at 1900 Main Street, Houston, Texas, Officer Arturo Solis made derogatory comments, sabotaged Plaintiff's shooting evaluations, and supported Plaintiff's exclusion from opportunities. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983, 42 U.S.C. § 12112

57. **Defendant and/or officer successor: Officer Dell Balderas.** From 2014 to 2023 at 1900 Main Street, Houston, Texas, Officer Dell Balderas did not intervene in harassment against Plaintiff, except for one attempt to mediate. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983.

58. **Defendant and/or officer successor: Officer Ida Schoener.** From 2014 to 2023, at 1900 Main Street, Houston, Texas, Officer Ida Schoener attempted to mediate but did not stop harassment against Plaintiff. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983.

59. **Defendant and/or officer successor: : Jevetta Fontenot.** From 2014 to 2023, at 1900 Main Street, Houston, Texas, Jevetta Fontenot excluded Plaintiff from teams and reported him to superiors to avoid working with him. Linked Constitutional Violations 42 U.S.C. § 1983,42 U.S.C. § 12112.

60. **Defendant and/or officer successor: Metro Police Fare Inspectors Supervisor Therane Thibodeaux.** On December 20, 2022, at a Metro office located at 810 North San Jacinto in Houston, Texas, Therane Thibodeaux ordered Plaintiff not to report assaults and denied Plaintiff medical care. From October 2018 to 2023, Defendant Therane Thibodeaux removed Plaintiff's seniority after rehire and allowed harassment by other supervisors. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983, 42 U.S.C. § 12112, 42 U.S.C. § 12132, 29 U.S.C. § 794.

61. **Defendant and/or officer successor: Metro Police Fare Inspectors Supervisor Isidro Perez.** From 2014 to 2022, at 1900 Main Street Houston Texas, 810 North San Jacinto, Houston Texas 77021, and Metro platforms and offices, Isidro Perez threatened Plaintiff with insubordination if he did not use FMLA and vacation before filing for workers' compensation, denied Plaintiff's reports of assaults, and removed his seniority. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983, 42 U.S.C. § 12112, 42 U.S.C. § 12132,29 U.S.C. § 794.

62. **Defendant and/or officer successor: Metro Police Fare Inspectors Supervisor Rudy Delgado.** From 2014 to 2023, at various Metro locations, Rudy Delgado harassed Plaintiff, threatened Plaintiff, sabotaged his work at 1900 Main Street Houston Texas

77002, 810 North San Jacinto, Houston Texas 77021, and Metro platforms and offices, and paid others to harass Plaintiff at Main Street Platform Southbound Houston, Texas 77002. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983, 42 U. S.C. § 12112.

63. **Defendant and/or officer successor: Metro Police Fare InspectorsSupervisor Eduardo Botello.** From 2018 to 2023, at 1900 Main Street Houston Texas 77002, Metro offices and platforms, Eduardo Botello insulted Plaintiff, blamed him for incidents, and allowed a hostile work environment 810 North San Jacinto, Houston Texas 77021. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983, 42 U.S.C. § 12112.

64. **Defendant and/or officer successor: Liza Bryant (Workers' Compensation Department Supervisor).** After December 20, 2022, and throughout 2025, at Metro offices, Liza Bryant denied Plaintiff the right to file and receive workers' compensation and medical coverage for injuries and illnesses acquired on the job, including back injuries and mental health conditions. **Linked Causes of Action:** Constitutional Violations 42 U.S.C. § 1983,42 U.S.C. § 12112,42 U.S.C. § 12132, 29 U.S.C. § 794.

65. **Defendant and/or officer successor: Karen Kauffman (Human Resources Director)**Between December 2022 and January 2025, at Metro offices, Karen Kauffman participated in denying Plaintiff's disability retirement benefits and obstructed the release of funds from 401(a) and 457(b) plans. **Linked Causes of Action:** 29 U.S.C. § 1132(a)(1)(B), 42 U.S.C. § 12112.

66. **Defendant and/or officer successor: Kepreta Green Human Resources Employee.**
Approximately, in March, August, and November 2023, via Microsoft Teams virtual
meetings, Kepreta Green communicated Plaintiff's denial of short term, and November
2023, termination as Metro Police Fare Inspector due to disability and denial of long-term
disability coverage. **Linked Causes of Action:** 42 U.S.C. § 12112, and 29 U.S.C. §
1132(a)(1)(B).

67. **Defendant and/or officer successor: Latonya Wagner (Metro Human Resources
Employee).** In March, August and November 2023, via virtual meetings, Latonya
Wagner informed Plaintiff he could not return to his job and denied long-term disability
coverage. **Linked Causes of Action:** 42 U.S.C. § 12112, 29 U.S.C. § 1132(a)(1)(B).

68. **Defendant and/or officer successor: Sharon Blaylock (Human Resources
Supervisor).**In November 2023, via virtual meeting, Sharon Blaylock formally
communicated Plaintiff's termination as Metro Police Fare Inspector and denied long
term disability coverage. **Linked Causes of Action:** 42 U.S.C. § 12112, 29 U.S.C. §
1132(a)(1)(B).

69. **Defendant and/or officer successor: Jackie Hubbard Metro Empower Retirement
Benefits Department Plan administrator.** Approximately, on December 6, 2023, at
Metro offices at 1900 Main Street Houston Texas 77002, Jackie Hubbard refused to sign
Plaintiff's withdrawal forms for disability retirement, gave contradictory information, and
falsely stated·that Metro did not have a 457(b) plan, despite Plaintiff's documented
participation. **Linked Causes of Action:** 29 U.S.C. § 1132(a)(1)(B), 42 U.S.C. § 12112.

# VI CAUSES OF ACTION

## FIRST CAUSE OF ACTION

70. **Constitutional Violations: Law:** 42 U.S.C. § 1983 – Civil action for deprivation of rights for violations of the Fourth and Fourteenth Amendments, including due process and equal protection. **As Against Defendants:** Metro, Thomas Lambert, Thomas Jasien, Vera Bumpers, Ban Tien, Felix Vara, Theodore Naradovy, Viola Douglass, Abel Mosley, Andres Brito; Azarat, Noe Gonzalez, George Benavides, Felicia Robles, Arturo Solis, Dell Balderas. Ida Schoener, Jevetta Fontenot, Therane Thibodeaux, Isidro Perez, Rudy Delgado, Eduardo Botello, Liza Bryant, Robert Smith, Tarlishia James.

71. **Defendants** repeatedly engaged in or tolerated harassment, discrimination, and retaliation against Plaintiff Roberto Garcia Espinosa, including unjust discipline, denial of reporting rights, and exclusion from workplace opportunities. Specific actions—such as Officer Andres Brito's refusal to take an assault report, Robert Smith's improper evaluation and retaliation, and Therane Thibodeaux's order not to report assaults, and medical denial constitute deprivations of due process and equal protection under the law. The pattern of exclusion, denial of benefits, and failure to intervene in harassment reflect deliberate indifference to Plaintiff's constitutional rights, actionable under § 1983.

# SECOND CAUSE OF ACTION

72. **Americans with Disabilities Act (ADA) – Employment Discrimination.**

    **Law:** 42 U.S.C. § 12112 – Prohibits discrimination against qualified individuals with disabilities in employment. **As Against Defendants:** Metro, Thomas Lambert, Thomas Jasien, Vera Bumpers, Ban Tien, Felix Vara, Andres Brito, Azarat, Jevetta Fontenot, Therane Thibodeaux, Isidro Perez, Rudy Delgado, Eduardo Botello, Liza Bryant, Robert Smith, Talisha James, Karen Kauffman, Kepreta Green, Latonya Wagner, Sharon Blaylock, Jackie Hubbard.

73. **Defendants** denied Plaintiff reasonable accommodation (e.g., part-time office work), failed to recognize or report his qualifications, and terminated or disciplined Plaintiff because of his disabilities (PTSD, severe depression, severe anxiety, suicidal ideation, back re-injuries, COVID-19 aftereffects complications). Human Resources employees and supervisors Karen Kauffman, Kepreta Green, Latonya Wagner, Sharon Blaylock, Jackie Hubbard denied disability benefits and failed to facilitate the interactive process required by the ADA. Robert Smith and Talisha James' actions in hiring and evaluation processes set a tone of discrimination, while field supervisors and officers perpetuated an environment hostile to Plaintiff's later disability status.

## THIRD CAUSE OF ACTION

74. **Americans with Disabilities Act (ADA) – Public Services. Law:** 42 U.S.C. § 12132 –

    Prohibits discrimination against qualified individuals with disabilities in public services

    and programs. **As Against Defendants:** Vera Bumpers, Felix Vara, Therane Thibodeaux,

    Isidro Perez, Rudy Delgado and Liza Bryant. Defendants, as supervisors and

    administrators of a public entity receiving federal funds, denied Plaintiff access to

    benefits, programs, and services (such as workers' compensation and reporting

    mechanisms) on the basis of his disability. Isidro Perez orders to exhaust FMLA and

    vacation before filing for workers' compensation, and refusal to process assault reports,

    medical denial, directly excluded Plaintiff from programs and services available to other

    employees.

## FOURTH CAUSE OF ACTION

75. Rehabilitation Act Violations 29 U.S.C. §794 Section 504. **37. Rehabilitation Act of

    1973. Law:** 29 U.S.C. § 794 (Section 504) – Prohibits discrimination on the basis of

    disability under any program or activity receiving federal financial assistance. **As Against

    Defendants:** Metropolitan Transit Authority of Harris County, CEO Thomas Lambert and

    or successor Thomas Jasien, Vera Bumpers, Ban Tien, Felix Vara, Andres Brito, Therane

    Thibodeaux, Isidro Perez, Liza Bryant. Karen Kauffman, Kepreta Green, Latonya

    Wagner, Sharon Blaylock, Jackie Hubbard.

76. **Application to Statements of Fact:** Metro, as a recipient of federal funds, and its

    employees, are subject to Section 504. Defendants' actions—denial of workers'

compensation, disability benefits, and access to retirement funds—constitute

discrimination and exclusion from federally funded programs and benefits, as detailed in

the factual chronology.

# FIFTH CAUSE OF ACTION

77. **ERISA – Employee Retirement Income Security Act.**

**Law:** 29 U.S.C. § 1132(a)(1)(B) – Provides a cause of action for participants to recover

benefits due under the terms of an employee benefit plan. **As Against Defendants:** Jackie

Hubbard, Karen Kauffman, Kepreta Green, Latonya Wagner, and Sharon Blaylock.

Plaintiff Espinosa completed all necessary steps for disability withdrawals from his

401(a) and 457(b) plans, including medical certification and notarized forms. Defendants

denied or obstructed the release of Plaintiff's retirement benefits, gave contradictory

information, and made unauthorized withdrawals, violating ERISA's requirements for

plan administration, notice, and fiduciary duty. These denials and obstructions resulted in

significant financial harm and are actionable under 29 U.S.C. § 1132 1132(a)(1)(B).

78. **VII. EXPLANATION FOR MISSED WORKER'S COMPENSATION DEADLINE.**

Plaintiff missed the Texas 30-day filing deadline (Tex. Lab. Code § 409.003) due to:

**Defendants' Active Obstruction**: Defendants Officer Andres Brito, and Therane

Thibodeaux prohibited assault reporting on December 20, 2022. Defendant Isidro Perez's

insubordination orders forced Plaintiff to exhaust 12 weeks of FMLA first, causing

deadline expiration. **Plaintiff's Medical Incapacity**: Severe PTSD/depression, Anxiety

and COVID-19 aftereffects and hospitalizations prevented filing. **Delayed Discovery**:

Work-relatedness of Severe PTSD/ back injuries was only confirmed after psychiatric

me

evaluation in 2023. **Bad-Faith Denial**: Liza Bryant denied the claim without investigating Metro's defendants' obstructions and discriminatory practices and exclusions.

79. **VIII. EQUITABLE TOLLING OF THE STATUTES OF LIMITATIONS. As against Defendants: Metropolitan Transit Authority of Harris County (Metro).** Plaintiff Espinosa is entitled to equitable tolling of any applicable statute of limitations due to Defendants' active obstruction, Plaintiff's medical incapacity, and delayed discovery of the work-related nature of his conditions, pursuant to Holland v. Florida, 560 U.S. 631 (2010), Barrett v. Principi, 363 F.3d 1316 (Fed. Cir. 2004), and Guerra-Guevara v. United States, 2023 WL 5006024 (S.D. Tex. 2023).

## IX. LEGAL BASIS FOR EQUITABLE TOLLING

80. **Major Premise**: Equitable tolling applies when (a) plaintiff diligently pursues rights, and (b) extraordinary circumstances prevent timely filing (*Holland v. Florida*, 560 U.S. 631 [2010]); Barret v. Principi, 363 F.3d 1316(Fed. Cir. 2004); Guerra-Guerra v. United States, 2023 WL 5006024 (S.D. Tex.2023). Plaintiff Espinosa diligently pursued rights and remedies through internal procedures and administrative remedies. Plaintiff Espinosa sought resolution through Metropolitan Transit Authorities, Metro Human Resources, Metro benefits administrators, and medical providers. Also, through Equal Employment Opportunity Commission, Texas Work Force Commission and both responded as having no Jurisdiction.

81. Extraordinary circumstances include Metro's systematic active obstruction, workers' compensation reporting obstruction, orders to exhaust personal leave before filing claims,

and severe mental and physical incapacity from work-acquired disabilities, and delayed

discovery of the work-related nature of Plaintiff Espinosa's injuries prevented timely

filing. The record demonstrates Defendant's systematic efforts to prevent Plaintiff

Espinosa from filing claims and accessing medical and financial benefits.

82. Plaintiff requests the Court to apply equitable Tolling to all relevant deadlines, allowing

the claims to proceed on their merits. The statute of limitations (two years for § 1983

claims) should be equitably tolled pursuant to *Barrett v. Principi*, 363 F.3d 1316 (Fed.

Cir. 2004) and *Guerra-Guevara v. United States*, 2023 WL 5006024 (S.D. Tex. 2023).

## X. CLAIMS FOR RELIEF

83. **42 U.S.C. § 1983 and Bivens Claims:** Metro's failure to report Plaintiff's assaults, deny

Plaintiff medical care, and retaliate against Plaintiff violates the Fourth and Fourteenth

Amendments under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

84. **ADA/Rehabilitation Act Violations.** Plaintiff Denial of reasonable accommodations and

disability benefits violates: ( 42 U.S.C. § 12132), ADA and  29 U.S.C. § 794

Rehabilitation Act 504.

85. ERISA disability retirement funds under 29 U.S.C. § 1132(a) (1) (B) and other claims.

## XI. PRAYER FOR RELIEF

86. **Plaintiff Respectfully Requests:**

Equitable Tolling of the Statute of Limitations for all claims due to extraordinary

circumstances, Compensatory and punitive damages in the amount of $150,000.00,

Injunctive relief requiring Metro to revise policies on reporting physical assaults, ADA

accommodations and medical care, Attorney's fees and costs under 42 U.S.C. § 1988 and

any other relief the Court deems just and proper.


**Dated: 07/31/2025**

**Sign:** Roberto Garcia Espinosa

**Print Name  Roberto Garcia Espinosa**


Roberto Garcia Espinosa

5615 Drakestone Boulevard

Houston, Texas 77053

(832) 549-4436

E-Mail: rgespinosa2002@yahoo.com

## XI. DEMAND FOR JURY TRIAL

87. Plaintiff Roberto Garcia Espinosa Demands the right for a trial by Jury on all issues so

triable in this original complaint. Rule 38. Right to a Jury Trial; Demand.

Dated: 07/31/2025

Plaintiff's Signature: _Roberto Garcia Espinosa_

Plaintiff's Print Name: Roberto Garcia Espinosa

Plaintiff: Roberto Garcia Espinosa

5615 Drakestone Boulevard

Houston, Texas 77053

(832) 549-4436

rgespinosa2002@yahoo.com